**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HANJUN SHEN, AKA Haijun Shen, | No. 18-70980 |
| Petitioner, | Agency No. A206-671-555 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2020[**]
Honolulu, Hawaii

Before: OWENS, FRIEDLAND, and R. NELSON, Circuit Judges.

Petitioner Hanjun Shen, a native and citizen of China, petitions for review of

a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from

an order of an immigration judge (IJ) denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture (CAT).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

First, Shen argues he qualifies for an exception to his time-barred asylum application. We lack jurisdiction to review this claim. Second, he argues the BIA's adverse credibility determination is not supported by substantial evidence. We disagree.

1.      We have limited jurisdiction to review exceptions to time-barred asylum applications. *See Husyev v. Mukasey*, 528 F.3d 1172, 1178 (9th Cir. 2008). Unless an asylum seeker's claimed exception raises "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), we may not review the agency's denial of an exception. 8 U.S.C. § 1158(a)(3). Thus, if the agency rests its decision denying an exception on its resolution of an "underlying factual dispute," we lack jurisdiction to review the ruling. *See Sumolang v. Holder*, 723 F.3d 1080, 1082 (9th Cir. 2013).

Here, the IJ determined that Shen's explanation for the delay did not qualify for the "extraordinary circumstances" exception to the one-year deadline for asylum claims. 8 U.S.C. § 1158(a)(2)(D). Shen maintains he delayed filing his application because he feared the government would retaliate against his family in China. The government contests this fact, and the IJ resolved the dispute in the government's favor. Faced with a factual dispute (and because no question of law or constitutionality was raised), we lack jurisdiction to review the agency's denial

of the exception and must dismiss Shen's petition to the extent it challenges the agency's resolution of his asylum claim.

2. When the BIA expresses no disagreement with any part of the IJ's decision, but instead cites *In re Burbano*, 20 I. & N. Dec. 872 (BIA 1994), "we review the IJ's decision as if it were the decision of the BIA." *Figueroa v. Mukasey*, 543 F.3d 487, 491 (9th Cir. 2008). An IJ's adverse credibility determination is "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), and we must uphold this determination "so long as even one basis is supported by substantial evidence." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).

Substantial evidence supports the IJ's adverse credibility determination. Based on falsehoods and implausibility in key testimony, the IJ found Shen's claims of persecution and abuse were not believable. First, Shen's use of fraudulent information to obtain a visa to the United States substantially supports the IJ's finding. The IJ reasonably concluded that Shen's testimony that he used falsified information to escape his persecutors in China is contradicted by background evidence, raising credibility concerns. *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005). For instance, Shen claimed he applied for asylum because he no longer believed his family would be persecuted by the Chinese government. But the IJ reasonably found this implausible given country reports

3

about the variety of ways in which the Chinese government persecutes dissidents' families, and the fact that, when pressed to support his position, Shen admitted his family could still be "indirectly" persecuted. Furthermore, based on Shen's behavior after arriving in the United States, the IJ reasonably determined he came here searching for a business opportunity instead of asylum, especially considering his nearly five-year delay in filing for asylum.

Second, aspects of Shen's testimony about his post-arrest hospitalization are implausible. In particular, Shen's explanation that he checked himself out of the hospital and therefore could not provide more comprehensive documentation of the length of his stay and the treatment he received is implausible in light of the injuries he claimed to have sustained. These discrepancies likewise support the IJ's adverse credibility finding. *See Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017).

Accordingly, a "reasonable adjudicator would [not] be compelled to conclude" from the record that Shen's testimony was credible. 8 U.S.C. § 1252(b)(4)(B). Without credible testimony, Shen's claim for withholding of removal fails. *Jie Cui v. Holder*, 712 F.3d 1332, 1335-38 (9th Cir. 2013).

3.  If an asylum-seeker's "claims under . . . CAT are based on the same statements that the BIA determined to be not credible in the asylum [or withholding of removal] context, the agency may rely upon the same credibility

4

determination in denying . . . the CAT claims." *Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015) (citation and internal quotation marks omitted).

Here, the IJ discredited Shen's claims of abuse. Besides the incredible testimony, Shen only pointed to the country report as evidence he will likely be tortured upon his removal to China. However, reports that torture occurs in a country alone do not compel the conclusion that a particular individual would be subject to torture in that country. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006). Without additional evidence about what would likely happen to Shen in particular, a reasonable adjudicator would not be compelled to conclude Shen will likely be tortured upon removal. We therefore deny his request for CAT relief.

**PETITION DISMISSED IN PART AND DENIED IN PART.**